IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KYNDAL TOEPPERWEIN, | § § § | |
| *Plaintiff,* | § § | SA-20-CV-00795-JKP |
| | § | *CONSOLIDATED WITH* |
| vs. | § § | SA-20-CV-00796-JKP |
| SAPD-IA/POLICE, BEXAR COUNTY SHERIFF, BALCONES HEIGHTS POLICE, SAN ANTONIO, TX; AUSTIN PD, AUSTIN, TX; TRAVIS COUNTY POLICE, AUSTIN, TX; TEXAS RANGERS, AUSTIN, TX; ROUND ROCK POLICE, ROUND ROCK, TX; KANSAS CITY POLICE, MISSOURI; KANSAS CITY POLICE, KANSAS; ST. LOUIS POLICE, ST. LOUIS, MO; OMAHA POLICE, OMAHA, NEBRASKA; ATF, HOUSTON; SAN ANTONIO; NASHVILLE POLICE, NASHVILLE, TENNESSEE; STATE OF IOWA POLICE, POLK COUNTY IOWA POLICE, STORY COUNTY IOWA POLICE, DES MOINES IOWA POLICE, AMES IOWA POLICE, ANKENY IOWA POLICE, FBI, OMAHA; SAN ANTONIO; ST. LOUIS; AUSTIN; ICE, DC; AND US MARSHALS, SAN ANTONIO; | § § § § § § § § § § § § § § § § § § § § § § § | |
| *Defendants.* | § | |

**ORDER**

Before the Court in the above-styled cause of action are Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs and proposed civil complaint [#1] and Plaintiff's Motion to Appoint Counsel [#2], filed on July 8, 2020. On the same day, Plaintiff filed a separate lawsuit, originally styled SA-20-CV-00796-DAE-HJB, in which she also filed a motion to proceed *in forma pauperis* ("IFP") and a motion to appoint counsel. Because the suits

1

involved common questions of law and fact, the two cases were consolidated before Judge Pulliam on July 30, 2020.

By her motion, Plaintiff seeks leave to proceed IFP in this action based on her inability to afford court fees and costs and for the appointment of counsel. Such motions are automatically referred to a magistrate judge upon filing, and the undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). Having considered the motion and documentation provided by Plaintiff, the Court will grant the motion to proceed IFP, deny the motion to appoint counsel without prejudice, and order Plaintiff to file a more definite statement before ordering service on Defendants.

## I. Motion to Proceed IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as an administrative fee.[1] *See* 28 U.S.C. § 1914(a). Plaintiff's motion to proceed IFP includes her income and asset information, which indicates that Plaintiff is unemployed, has no other source of income, and is currently living in transitional housing and eating donated food. Plaintiff also informs the Court that her spouse is incarcerated. The information demonstrates that Plaintiff does not have sufficient monthly resources available to pay the filing fee, and the Court will grant the motion to proceed IFP.

## II.  Motion to Appoint Counsel

Plaintiff also asks this Court to appoint counsel. This Court may appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) in *in forma pauperis* ("IFP") proceedings. Under §

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status. *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

1915(e)(1), the Court has discretion to appoint an attorney to represent a litigant in federal court, but there is no right to the automatic appointment of counsel in a civil case. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). Appointment of counsel in a civil case is considered a privilege, not a constitutional right, and should be allowed only in exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982) (citation omitted); *see Cupit*, 835 F.2d at 86. In evaluating whether the appointment of counsel is proper under § 1915(e), the district court considers the type and complexity of the case, the litigant's ability to investigate and present the case, and the level of skill required to present the evidence. *See Castro Romero v. Becken*, 256 F.3d 349, 354 (5th Cir. 2001).

Plaintiff has not demonstrated that exceptional circumstances are present in her case or that, based on the record, appointment of counsel is appropriate under the applicable legal standards under 28 U.S.C. § 1915(e). Although the Court finds that Plaintiff lacks the financial resources to retain private counsel, Plaintiff's pleadings indicate that she has the ability to articulate the basis of and present the facts pertinent to his claims for purposes of this Court's evaluation of Plaintiff's pleadings pursuant to Section 1915(e). Accordingly, the Court will deny Plaintiff's request for counsel. This denial will, however, be without prejudice to Plaintiff requesting counsel at a later date if the Court finds she states a non-frivolous claim and Plaintiff requires assistance for prosecuting her claims to trial or otherwise.

### III.  More Definite Statement

Pursuant to 28 U.S.C. § 1915(e), the Court is empowered to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief

against a defendant who is immune from such relief.[2]  *See* 28 U.S.C. § 1915(e)(2)(B).  The Court has reviewed Plaintiff's proposed complaints in both of her lawsuits.

Plaintiff's complaints both sue various police departments from across the United States, including the San Antonio Police Department; Bexar County Police Department; Texas Rangers; Austin Police Department; Round Rock Police Department; Kansas City Police Department (Kansas and Missouri); Nashville Police Department (Tennessee); Omaha Police Department (Nebraska); State of Iowa Police Department; Polk County Sheriff's Department (Iowa); Story County Sheriff's Department (Iowa); Atascosa County Sheriff's Department (Texas); Ankney Police Department (Iowa); Ames Police Department (Iowa); Des Moines Police Department (Iowa); the Federal Bureau of Investigation (in Austin, Omaha, San Antonio, St. Louis, New Jersey, and Washington D.C.); Immigration and Customs Enforcement; the Bureau of Alcohol, Tobacco, Firearms, and Explosives; the United States Marshals (San Antonio); the Attorney General (of Texas, Missouri, Iowa, and Washington, D.C.); the Victims Rights Ombudsman (Washington, D.C.), and the State of Iowa.

Plaintiff's proposed complaints allege the unlawful imprisonment of her husband, stalking, hacking, terrorizing, rape, and attempted murder.  Plaintiff claims that the Austin Police Department had her evaluated for mental illness when she reported this conduct instead of investigating the allegations.  Plaintiff attaches hundreds of pages of exhibits to her proposed pleadings, including text messages between herself and an Austin police officer that allegedly demonstrate that the Austin or San Antonio Police Departments are sending drugs through the

---

[2] Under 28 U.S.C. § 1915(e), a court may at any time dismiss a case if it determines that the case filed by the IFP plaintiff is frivolous, but is not required to screen non-prisoner cases for frivolousness at the outset. In contrast, when an IFP case is filed by a prisoner, the court is required to screen a complaint for frivolousness prior to docketing or as soon as possible. *See* 28 U.S.C. § 1915A(a).

mail. Plaintiff also attaches voluminous court records from the State of Iowa, which demonstrate that her husband was convicted for the dissemination of obscene materials to minors, robbery, theft, and other charges. There are also news reports of her husband leading officers on a high speed chase through Story County and into Ankeny, Texas while attempted to evade arrest for stealing trucks. Plaintiff includes a timeline of certain events during August 2018 occurring in Iowa, in which her husband was detoxing from drugs and had various altercations with Plaintiff, members of the public and the police department, for which he was ultimately charged.

In summary, Plaintiff's proposed pleadings name numerous unrelated Defendants and include factual allegations related to various seemingly unrelated instances of alleged harm suffered by both Plaintiff and her husband. Plaintiff's proposed pleadings also do not assert any specific causes of action. To clarify the factual allegations and claims underlying Plaintiff's lawsuit, the Court will therefore order Plaintiff to file a more definite statement within 21 days of this Order to clarify her allegations against Defendants.

**IT IS THEREFORE ORDERED** that Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs [#1] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel [#2] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint [#1-1] shall be filed by the Clerk without prepayment of fees, costs or the giving of security therefore, and the Clerk shall, until further Order of this Court, waive the collection of any other fees or costs from Plaintiff. However, service upon Defendants should be withheld pending this Court's review under § 1915(e).

**IT IS FURTHER ORDERED** that **within 21 days of this Order (on or before August 21, 2020)**, Plaintiff shall file a **More Definite Statement** of the claims she seeks to present to this Court. In this More Definite Statement, Plaintiff should respond to the following questions and include the declaration (signed) at the end of the response:

(1) Please list each Defendant you are suing. What specific actions did each of these Defendants take? Please include approximate dates and explain where the incidents occurred. How were you (as opposed to your husband) harmed by each Defendant? A failure to differentiate between the various Defendants named in this lawsuit and listed above will result in the dismissal of this lawsuit under Section 1915(e).

(2) What legal causes of action are you asserting through this lawsuit? A violation of a constitutional right? A personal injury? Other injury?

(3) What relief are you seeking through this lawsuit? In other words, what are you asking from the Court?

> I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.
>
> Executed on this day of 2020.
>
> _____
> Signature of Plaintiff

If Plaintiff fails to comply with this Order, the Court could dismiss this case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). If Plaintiff does not wish to file a more definite statement, she may request voluntary dismissal of these claims pursuant to Federal Rule of Civil Procedure 41(a).

**IT IS SO ORDERED.**

SIGNED this 31st day of July, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE