IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KYNDAL TOEPPERWEIN, | § § | |
| *Plaintiff,* | § § § | SA-20-CV-00795-JKP |
| | § | *CONSOLIDATED WITH* |
| vs. | § § | SA-20-CV-00796-JKP |
| | § | |
| SAPD-IA/POLICE,  BEXAR COUNTY SHERIFF,  BALCONES HEIGHTS POLICE, SAN ANTONIO, TX;  AUSTIN PD, AUSTIN, TX;  TRAVIS COUNTY POLICE, AUSTIN, TX;  TEXAS RANGERS, AUSTIN, TX;  ROUND ROCK POLICE, ROUND ROCK, TX; KANSAS CITY POLICE, MISSOURI; KANSAS CITY POLICE, KANSAS;  ST. LOUIS POLICE, ST. LOUIS, MO; OMAHA POLICE, OMAHA, NEBRASKA;  ATF, HOUSTON; SAN ANTONIO;  NASHVILLE POLICE, NASHVILLE, TENNESSEE;  STATE OF IOWA POLICE,  POLK COUNTY IOWA POLICE,  STORY COUNTY IOWA POLICE,  DES MOINES IOWA POLICE, AMES IOWA POLICE,  ANKENY IOWA POLICE,  FBI, OMAHA; SAN ANTONIO; ST. LOUIS; AUSTIN;  ICE, DC; AND  US MARSHALS, SAN ANTONIO; | § § § § § § § § § § § § § § § § § § § § § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Jason K. Pulliam:**

This Report and Recommendation concerns the review of the pleadings pursuant to 28 U.S.C. § 1915(e).  All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.  The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons set forth below, it is

1

recommended that Plaintiff's Complaint be dismissed because it fails to state a claim upon which relief may be granted.

## I.  Analysis

Pursuant to 28 U.S.C. § 1915(e), this Court may screen any civil complaint filed by a party proceeding *in forma pauperis* to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  A claim should be dismissed for failure to state a claim upon which relief may be granted where a plaintiff's allegations fail to plead factual content that would allow a court to conclude that defendant is liable for the misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

On July 31, 2020, the undersigned granted Plaintiff's motion to proceed *in forma pauperis* but ordered that Plaintiff file a more definite statement to clarify some identified deficiencies in her proposed Complaint on or before August 21, 2020.  The undersigned ordered that Plaintiff's Complaint be filed but that service be withheld pending the Court's review of the more definite statement.

The undersigned's Order directed Plaintiff to respond to the following specific questions:

(1)     Please list each Defendant you are suing.  What specific actions did each of these Defendants take?  Please include approximate dates and explain where the incidents occurred.  How were you (as opposed to your husband) harmed by each Defendant?  A failure to differentiate between the various Defendants named in this lawsuit and listed above will result in the dismissal of this lawsuit under Section 1915(e).

(2)     What legal causes of action are you asserting through this lawsuit?  A violation of a constitutional right?  A personal injury?  Other injury?

(3)     What relief are you seeking through this lawsuit?  In other words, what are you asking from the Court?

Plaintiff did not file a more definite statement answering these questions as directed by the Court.  Instead, on August 28, 2020, the Court received four filings from Plaintiff—two sealed documents [#7, #8] and two advisories [#9, #10].  These documents do not respond to the questions directed to Plaintiff.  Nor is the undersigned able to discern the causes of action Plaintiff is asserting in this lawsuit or the relief she seeks from this Court.  Accordingly, the undersigned will recommend the dismissal of this lawsuit under Section 1915(e).

Plaintiff's complaints[1] both sue various police departments from across the United States, including the San Antonio Police Department; Bexar County Police Department; Texas Rangers; Austin Police Department; Round Rock Police Department; Kansas City Police Department (Kansas and Missouri); Nashville Police Department (Tennessee); Omaha Police Department (Nebraska); State of Iowa Police Department; Polk County Sheriff's Department (Iowa); Story County Sheriff's Department (Iowa); Atascosa County Sheriff's Department (Texas); Ankney Police Department (Iowa); Ames Police Department (Iowa); Des Moines Police Department (Iowa); the Federal Bureau of Investigation (in Austin, Omaha, San Antonio, St. Louis, New Jersey, and Washington D.C.); Immigration and Customs Enforcement; the Bureau of Alcohol, Tobacco, Firearms, and Explosives; the United States Marshals (San Antonio); the

---

[1] On the same day that Plaintiff filed this lawsuit, she also filed a second lawsuit, originally styled SA-20-CV-00796-DAE-HJB, in which she also filed a motion to proceed *in forma pauperis* ("IFP") and a motion to appoint counsel.  Because the suits involved common questions of law and fact, the two cases were consolidated before Judge Pulliam on July 30, 2020.

Attorney General (of Texas, Missouri, Iowa, and Washington, D.C.); the Victims Rights Ombudsman (Washington, D.C.), and the State of Iowa.

Plaintiff's proposed complaints allege the unlawful imprisonment of her husband, stalking, hacking, terrorizing, rape, and attempted murder. Plaintiff claims that the Austin Police Department had her evaluated for mental illness when she reported this conduct instead of investigating the allegations. Plaintiff attaches hundreds of pages of exhibits to her proposed pleadings, including text messages between herself and an Austin police officer that allegedly demonstrate that the Austin or San Antonio Police Departments are sending drugs through the mail. Plaintiff also attaches voluminous court records from the State of Iowa, which demonstrate that her husband was convicted for the dissemination of obscene materials to minors, robbery, theft, and other charges. There are also news reports of her husband leading officers on a high speed chase through Story County and into Ankeny, Texas while attempted to evade arrest for stealing trucks. Plaintiff includes a timeline of certain events during August 2018 occurring in Iowa, in which her husband was detoxing from drugs and had various altercations with Plaintiff, members of the public and the police department, for which he was ultimately charged.

In summary, Plaintiff's proposed pleadings name numerous unrelated Defendants and include factual allegations related to various seemingly unrelated instances of alleged harm suffered by both Plaintiff and her husband. Plaintiff's proposed pleadings also do not assert any specific causes of action. Plaintiff's four supplemental filings do not clarify these issues.

Plaintiff's two sealed filings [#7, #8] consist of almost 50 pages of unlabeled documents, the majority of which concern her husband's custody status with the Department of Corrections for the State of Iowa. The only information provided by Plaintiff herself in these two filings is a list entitled "Pattern of Behavior," listing the following: (1) "federal kidnapping," (2)

"kidnapping texts," (3) "moved illegal charge to 3/11/19 from Story to Polk," (4) "pedophile Brady," (4) "sentencing, (i) if I am raped by the police 100 x per day he dies, (ii) if the courts do nothing he and I die."  (Sealed Doc. [#8] at 2.)  These filings are difficult to decipher and do not explain how Plaintiff was harmed by the numerous Defendants named in this lawsuit.

Plaintiffs' two Advisories [#9, #10] are clearer in their communication with the Court but still do not provide the Court with answers to its questions about this lawsuit.  For example, Plaintiff provides a chronology of "recent developments" that focus on events of the last month related to Plaintiff's husband's release from custody in the State of Iowa and her concerns about his whereabouts and safety and suspicion that he might be dead.  (Advisory [#9] at 1–3.)  In this timeline, Plaintiff accuses the Ames, Iowa police force of almost killing her and her husband during a 911 call.  She also refers to this lawsuit as a retaliation lawsuit for kidnapping.  Aside from various law enforcement entities in the State of Iowa, Plaintiff's advisories do not mention any of the other named Defendants in her complaints.

Plaintiff cannot sue the Ames, Iowa police department or any other Iowa law enforcement entity for kidnapping her husband in a civil lawsuit in the Western District of Texas.  According to the federal venue statute, a civil action may only be brought in (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.  28 U.S.C. § 1391(b).  Plaintiff's complaints and supplemental filings do not indicate that the Ames police department (the only defendant mentioned in the supplemental filings) resides in the Western District of Texas or that all Defendants are residents of Texas.  Nor do these

supplemental documents allege that a substantial part of the events at issue in this suit occurred in the Western District of Texas.

The only events alleged in Plaintiff's complaints that involve Defendants that reside in the Western District of Texas or that describe events that occurred in the Western District of Texas are allegations concerning the Austin Police Department ignoring Plaintiff's complaints to law enforcement and her husband's high speed chase in Texas in an attempt to evade arrest. Plaintiff does not explain in her supplemental filings how these events relate to her complaints against the Iowa police department or her concerns about her husband's kidnapping. Based on Plaintiff's pleadings, venue is not proper in this District.

Because Plaintiff failed to respond to the questions posed by the Court in its order for a more definite statement and Plaintiff has failed to establish that venue is proper in this District, Plaintiff's case should be dismissed pursuant to Section 1915(e).

## II.  Conclusion and Recommendation

Having considered Plaintiff's Complaint and additional filings under the standards set forth in 28 U.S.C. §1915(e), the undersigned recommends Plaintiff's Complaint be **DISMISSED**.

## III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file

the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 1st day of September, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE

7