UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

KYNDAL TOEPPERWEIN,

        **Plaintiff,**

v.                                                  Case No. SA-20-CV-0795-JKP

SAPD-IA/POLICE, et al.,                  (Consolidated with SA-20-CV-0796-JKP)

        **Defendants.**

## ORDER

On July 30, 2020, the Court consolidated two cases filed by the pro se Plaintiff. *See* ECF No. 5 (Cause No. SA-20-CV-0796 ("member case")). On August 4, 2020, the Court ordered the member case closed and informed Plaintiff that (1) all of her claims against all defendants will proceed only in the lead action (Cause No. SA-20-CV-0795) and (2) all future filings for either case "should be in that case alone." *See* ECF No. 6 (member case).

On September 1, 2020, Plaintiff filed a "Notice of Appeal" dated August 31, 2020, in the member case seeming to appeal two cases but listing Cause No. SA20CA0796DAE twice. In the lead case on September 1, 2020, the Magistrate Judge issued a recommendation that the Court dismiss Plaintiff's complaint filed in the lead case for failure to state a claim upon which relief can be granted. *See* ECF No. 11. On September 10, 2020, the recommendation was returned with the notation "Return to Sender; Attempted – Not Known; Unable to Forward." *See* ECF No. 14. On September 21, 2020, the Court dismissed the consolidated action with prejudice based upon the recommendation of the Magistrate Judge. *See* ECF No. 15. In doing so, it recognized that Plaintiff had filed no objection to the recommendation, that the mailed recommendation had been returned as undeliverable, and that Plaintiff had been previously informed that she must keep the Court apprised of her current address. *See id.* The Clerk of Court entered judgment the same day and both the judgment and the Court's order were returned as undeliverable on September 28, 2020. *See* ECF Nos. 16-17.

All remained quiet in the two cases until October 3, 2020, when Plaintiff commenced filings in the member case by utilizing a fairly new electronic drop box feature which permits litigants to avoid coming into the courthouse by placing their electronic filings in the drop box for filing. Between October 3, 2020, and October 8, 2020, Plaintiff utilized the drop box to make sixteen filings in the member case despite the express direction for her to make all future filings in the lead case, Case No. SA-20-CV-0795-JKP. Five of these filings have been docketed as motions – a motion for permission to file electronically (ECF No. 8) and four motions to amend complaint (ECF Nos. 10 and 15-17). The other filings have been docketed as a Notice of Service (ECF No. 18), a supplement to an advisory (ECF No. 12), or as an advisory to the Court (ECF Nos. 11, 13, 14, and 19-23).

The Court denies each of the motions because they are unrelated to her filed appeal and have been filed in a case that has been consolidated with another action with express directions that all filings be made in the lead case. Furthermore, even had Plaintiff properly filed the motions in the lead case, they would be denied because the case has been dismissed and closed. The motion for electronic filing access might be well-taken had the Court not already dismissed the lead case and closed the member case. In general, electronic access is neither needed nor granted in closed cases. That motion, however, does contain a second part where Plaintiff seeks to update her contact information. The Court thus **directs the Clerk of Court** to update Plaintiff's contact information with the telephone number, email, and address provided. Although the Court denies Plaintiff electronic filing access, **the Clerk of Court may email court orders to her within the procedures of the clerk's office**.

In addition, the Court notes its concern with Plaintiff's recent extensive and inappropriate use of the drop box. Use of that filing mechanism is a privilege for litigants. Abusing that privilege will result in imposed limitations on a person's ability to use it or outright termination of the privilege to use the drop box for filings. Plaintiff has abused the privilege in three respects. First, she has used it to make filings in the member case after the Court expressly instructed her to make all filings in the lead action. Second, the sheer volume of unnecessary filings constitutes an abuse. Third, she has used the drop box to make her unnecessary and irrelevant filings in a closed case in which she has filed an appeal. Nevertheless, because

Plaintiff has filed an appeal in the member case that relates solely to the member case, she may appropriately make filings in that case related to her appeal. Given her filed appeal, related filings may be made in the member case despite the prior direction to make all filings in the lead case. But filings unrelated to the appeal will be considered a further abuse of the drop box privilege. And further abuse may result in restrictions on or termination of Plaintiff's privilege to use the drop box.

One other matter deserves comment. Although Plaintiff has not had any recent filings in the lead case, the warning issued herein applies equally to that case. Because the Court has dismissed and closed that case, filings related to the underlying action are inappropriate unless specifically seeking post-judgment relief or filing an appeal. **The Clerk of Court is directed to docket this Order in both the lead and member cases. Furthermore, within applicable procedures, the Clerk shall mail and/or email this Order and the court filings that were returned to the Court as undeliverable (ECF Nos. 11, 12, 15, and 16 in lead case).**

For the foregoing reasons, the Court **DENIES** the pending motions in this case (ECF Nos. 8, 10, 15, 16, and 17). It also **WARNS** Plaintiff regarding improper and abusive use of the drop box as set out herein.

**IT IS SO ORDERED this 13th day of October 2020.**

_/s/ Jason Pulliam_
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**

3